1  Mathew K. Higbee, Esq., SBN 241380
2  Naomi M. Sarega, Esq., SBN 306967
   HIGBEE & ASSOCIATES
3  1504 Brookhollow Dr., Suite 112
   Santa Ana, CA 92705
4  (714) 617-8352
5  (714) 597-6729 facsimile
   Email: mhigbee@higbeeassociates.com
6
7  *Attorney for Plaintiff,*
   ALEXANDER WILD,
8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| ALEXANDER WILD, | Case No. _____ |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT** |
| LEGACY TERMITE CONTROL, INC., | **DEMAND FOR BENCH TRIAL** |
| Defendant. | |

Plaintiff Alexander Wild, for his Complaint against Legacy Termite Control, Inc., Defendant, alleges as follows:

**INTRODUCTION**

1. Alexander Wild (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Legacy Termite Control, Inc. (hereinafter "Defendant"), with regard to the unlawful use of three (3) of his copyrighted images (hereinafter "Images") owned by Plaintiff, and this conduct caused Plaintiff

1

damages. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

2. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

**JURISDICTION AND VENUE**

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4. This Court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the State of California, and Defendant caused injury to Plaintiff in his intellectual property within the State of California. In addition, Defendant is incorporated and it's principal place of business is in the State of California.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant reside in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant reside, committed the acts of infringement, and have a regular and established place of business in this judicial district.

## PARTIES

6. Plaintiff is a natural person.

7. Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, 106A.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant, Legacy Termite Control, Inc. is a business entity residing in the City of La Mirada, in the State of California, and conducted business within the City of La Mirada, in the State of California.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity who unlawfully published three (3) of Plaintiff's copyrighted works without Plaintiff's express or implied authority or by the method of a license.

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff was an individual.

11. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant is a business entity residing in the State of California and conducted business in this judicial district.

12. Plaintiff is a professional photographer. Plaintiff holds a Ph.D. in Entomology from the University of California/Davis and is Curator of Entomology at The University of Texas, Austin. Plaintiff uses this degree in association to his photography. His photographs appear in numerous natural history museums, magazines, books, television programs and other media. Plaintiff has written works

with respect to science photography and is the founding instructor of the BugShot Insect Photography Workshops. He sells or licenses photography to people and companies seeking to make use of the photographs for advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs he produces.

13. Plaintiff took the Original Images; *See* Original Images attached hereto as "Exhibit A."

14. Plaintiff has ownership and copyright of the Images.

15. Plaintiff has registered the Images with the United States Copyright Office under Registration Number VAu 699-806.

16. Plaintiff has provided notice to Defendant that the Images are subject to copyright and to cease use of the Images.

17. Plaintiff did not consent to authorize, permit, or allow in any manner the use of the Images by Defendant.

18. Plaintiff is informed and believes that Defendant willfully used Plaintiff's copyrighted works without his permission and published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

19. Plaintiff is informed and believes that Defendant used the Images on its business website http://www.legacy-tc.com/ from as early as July 20, 2010 to

present. *See* Screenshots of Defendant's use attached hereto as "Exhibit B."

20. As of March 27, 2017, Plaintiff's three (3) Images are still located and accessible on Defendant's website server located at http://www.legacy-tc.com/ allowing for further public access and downstream infringement. In addition, Plaintiff's one Image is still located on the Defendant's website http://www.legacy-tc.com/aboutus.html and Defendant continues the unauthorized use. *See* Current Screenshot attached hereto as "Exhibit C.

21. Defendant used the Images to promote Defendants' business.

22. Plaintiff did not consent to the use of his Images for commercial gain.

23. Plaintiff first notified the Defendant of the infringement on July 5, 2016by sending Defendant a packet of information containing applicable screenshots of Defendant's use of the image on its website, as well as proof of ownership of the Image and copyright by Plaintiff.

24. Defendant was unresponsive to Plaintiffs attempts to settle this claim, and was unwilling to work with Plaintiff.

25. Plaintiff's counsel attempted to contact Defendant via telephone to discuss the matter, but Defendant hung up on Plaintiff's counsel and proceeded to ignore any further attempts at resolution.

26. Plaintiff attempted to contact Defendant one final time on October 12, 2016 in order to avoid further delay and costs, but Defendant has been unresponsive and unwilling to settle the matter amicably with Plaintiff.

//

27. Despite being put on notice and learning of the Plaintiff's copyrights attached to the Image, Defendant continues to willfully use the Image without Plaintiff's authority.

**FIRST CAUSE OF ACTION**

**COPYRIGHT INFRINGEMENT**
**Title 17 of the United States Code**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

30. Plaintiff is informed and believes and thereon alleges that said Defendant infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

31. As a result of each and every Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

//

//

32. As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

33. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants

- Awarding Plaintiff statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

- Enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- Awarding any other relief the Court deems just and proper.

Dated: March 27, 2017                         Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

# DEMAND FOR BENCH TRIAL

Plaintiff, Alexander Wild, hereby demands a bench trial in the above matter.

Dated: March 27, 2017                         Respectfully submitted,

                                                  **/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*